**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2625-24

RA HAUSER & ASSOCIATES,

    Plaintiff-Respondent,

v.

GREGORY TOMKINS,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

RICHARD HAUSER,

    Third-Party Defendant-
    Respondent.

_____

Submitted March 11, 2026 – Decided July 24, 2026

Before Judges Currier, Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7564-22.

The Marchese Law Firm, LLC, attorney for appellant (Benjamin C. Curcio and Thomas J. Palma, of counsel and on the briefs).

McCarter & English, LLP, attorneys for respondents (Frederick C. Biehl, III, of counsel and on the brief).

PER CURIAM

In this appeal, defendant Gregory Tomkins challenges several orders entered against him in this litigation, specifically the orders granting plaintiff's motion for summary judgment and dismissing several of defendant's counterclaims, and the order denying vacatur of the arbitration award and enlargement of time to file a demand for trial de novo. We affirm.

I.

Defendant and third-party plaintiff Richard Hauser are former partners and co-owners of plaintiff, RA Hauser & Associates (RAH), which provided corporate accounting and controller services to businesses. After defendant and Hauser decided to terminate their business relationship, they executed a Separation Agreement in July 2022, under which defendant relinquished his ownership interest in RAH and Hauser became its sole owner. The Agreement granted defendant the exclusive right to service specified clients in exchange for paying RAH $213,300 under a promissory note.

Defendant executed the Note on August 1, 2022, agreeing to make monthly payments in the amount of $7,110. The first payment was due on September 1, 2022, with subsequent payments due on the first day of every

month until the Note was paid in full. If a payment was made later than ten days after the due date, a late fee of $250 was imposed. If defendant failed to remit any payment due under the Note, plaintiff held the right to declare defendant in default. If defendant failed to cure the default, plaintiff could demand immediate payment of all unpaid principal, interest, and other amounts due on the Note, plus costs of collection and reasonable attorney's fees.

In September and October 2022, defendant made late payments and failed to pay the corresponding late fees. Thereafter, plaintiff notified defendant that he was in default. Defendant made no further payments, contending in this litigation that plaintiff breached the Separation Agreement.

In December 2022, RAH filed a complaint against defendant asserting breach of contract for failure to pay the amounts due under the Note. In March 2023, defendant filed an answer, a six-count counterclaim and a third-party complaint against Hauser. RAH subsequently moved for summary disposition or an expedited trial. The court denied the motion in October 2023.

RAH and Hauser served discovery requests on defendant in November 2023. On December 8, 2023, RAH and Hauser moved for partial summary judgment for the amounts due under the Note and to dismiss counts three, four

3

and five of the counterclaim and the third-party complaint. Defendant opposed the motions.

During oral argument in April 2024, defendant conceded he had not served any discovery requests on RAH or Hauser. He relied on the submitted statement disputing material facts to defeat summary judgment. Because discovery was not undertaken, defendant stated he could not support his claims any further than what was set forth in the counterclaim and third-party complaint.

On April 25, 2024, the court granted RAH's motion for partial summary judgment. The court stated defendant had "not provided evidence showing how the terms [of the Separation Agreement] are ambiguous[,] and the terms of the promissory note are clear." The court also found defendant had not demonstrated how RAH had breached the Separation Agreement.

In addressing the counterclaim, the court analyzed each count in question. In considering count three, breach of contract against Hauser only, the court found there was no fiduciary duty owed to defendant by Hauser. The court determined all the "injuries" alleged by defendant occurred after the partnership was "severed" and the Separation Agreement was in effect. Therefore, there was no longer a relationship between Hauser and defendant. For the same reasons, the court dismissed the third-party complaint.

4

The court also dismissed count four, tortious interference with prospective business advantage; and five, tortious interference with contract, of defendant's counterclaim. The court found defendant "has failed to point to any evidence, including any certification or affidavit from a person with knowledge that creates any issue of fact as to those claims." The court further noted the original discovery end date (DED) had been extended to April 29, but defendant had still not provided any evidence of tortious interference. After the court issued its ruling, the parties consented to extend the DED for thirty days until May 29, 2024, to address the sole remaining claim between them.

Defendant moved for reconsideration on May 15, asserting the trial court erred in granting RAH partial summary judgment before the parties had completed discovery. On June 10, 2024, the court denied the motion, stating,

> The thrust of [defendant's] motion is that discovery which might be had after the motion was decided could possibly reveal parole evidence that may contradict the plain language of the promissory note and separation agreement. The court rejects this argument as [defendant's] private understanding of the agreement and note cannot create a material issue of fact for the purposes of a summary judgment analysis when the language of the documents is clear. [Domanske v. Rapid-Am. Corp., 330 N.J. Super. 241, 247-48 (App. Div. 2000).] As such, the motion is denied.

A-2625-24

After moving to reconsider the grant of summary judgment, defendant served discovery demands on RAH and Hauser in May 2024. The parties also submitted a consent order to extend discovery to July 28, 2024.

On July 29, RAH moved for attorney's fees. Defendant opposed the motion and cross-moved in August 2024 to strike RHA's pleadings and compel discovery.

The court scheduled the case for arbitration. On October 10, 2024, defendant filed an Order to Show Cause (OTSC) to stay all "collection activities" pursuant to the order granting RAH summary judgment. The motions regarding discovery and attorney's fees remained pending.

On January 30, 2025, an arbitration proceeding was held to determine the remaining counterclaims and the third-party complaint. The arbitrator indicated defendant did not provide the Separation Agreement or any proof of damages for its viable counterclaims or the third-party claim. The arbitrator entered a no cause of action with respect to defendant's remaining counterclaims and third-party claims.

On February 7, 2025, the court denied defendant's August 8, 2024 cross-motion to strike RAH's pleadings and compel discovery, stating,

> Defendant moves to strike the pleadings of plaintiff for failure to provide discovery. The [DED] in this matter

6

expired on July 28, 2024[,] having been extended twice previously by way of motion. The present motion was filed on August 8, 2024, after the DED. Pursuant to [Rule] 4:24-2(a), "[u]nless the court otherwise permits for good cause shown, motions to compel discovery and to impose or enforce sanctions for failure to provide discovery must be made returnable prior to the expiration of the discovery period." Defendant has not shown any good cause as to why the motion could not have been made prior to the expiration of the DED. As such, the motion is denied.

That same day, the court also denied defendant's OTSC, stating:

> The balancing of the [Crowe v. De Gioia, 90 N.J. 126, 133-34 (1982)] factors weigh[] in favor of denying the motion to stay enforcement of the money judgment in this case. Furthermore, prior motions requesting the identical relief have been denied in all respects. As such, the application is denied.

On February 26, 2025, defendant filed a motion to extend the DED and compel discovery.

On March 7, 2025, defendant filed a late notice of demand for trial de novo. The time to file a demand for trial de novo had expired on March 3, 2025.

Thereafter, defendant moved to vacate the arbitration award and to enlarge the time for filing a demand for trial de novo. The court denied the motion on March 28, 2025, stating:

> Here, the [c]ourt does not find that . . . [d]efendant has established extraordinary circumstances . . . .

7

First, . . . [d]efendant highlights the inadvertence of his staff to file a timely de novo trial, and even though [d]efendant intended to file a demand and drafted the demand in February of 2025, the demand was not filed until March 7th, 2025, after the 30-day timeframe.

This situation is exactly the type of negligence and carelessness that the Court[] ha[s] held does not constitute extraordinary circumstances.

Second, [d]efendant argues extraordinary circumstances exist because of how we got to the arbitration date in terms of the delay by . . . [p]laintiff indicating that they would provide the discovery as well as the pending motions.

However, the [c]ourt does not find specifically . . . that . . . [p]laintiff here lulled . . . [d]efendant into delaying filing the trial de novo within the 30-day timeframe. Even with the [c]ourt considering what got the parties to arbitration, given the history, it would make sense that . . . [d]efendant would have asked for the arbitration to be adjourned.

Recognizing that they had discovery motions pending, discovery that they needed to move forward with the arbitration, that they would have made a request to have the arbitration adjourned. . . . Defendant acknowledged that they asked the arbitrator and the arbitrator said get the consent of your adversary. . . . [D]efendant chose not to even ask for consent to see what . . . [p]laintiff would say.

And I understand, given how they got to where they were, that probably . . . [p]laintiff would not have consented, but the ask was never made, and the [c]ourt finds that . . . [d]efendant chose to move forward with

8

an arbitration knowing that it didn't have all the discovery that it needed for purposes of proving its counterclaim. . . . [T]hat choice does not amount to extraordinary circumstances under the law.

So, for those reasons . . . [d]efendant's motion to file a trial de novo demand beyond the 30-day timeframe is denied.

And I'm also not going to vacate the arbitrator's . . . decision because, again . . . [d]efendant chose to move forward with the arbitration and not ask for the arbitration to be adjourned.

In light of this decision, the court also denied defendant's motion to reopen and extend discovery as moot.

II.

On appeal, defendant asserts the court erred in (1) granting RAH's motion for partial summary judgment, entering judgment for plaintiff on its complaint and dismissing counts three, four, and five of defendant's counterclaims (April 25, 2024 order); and (2) denying his motions to vacate the arbitration award or enlarge time for filing a demand for trial de novo (March 28, 2025 order).

A.

We begin with the April 2024 order granting summary judgment for RAH on its complaint and three counts of defendant's counterclaim.

After defendant made two late payments, unaccompanied by the requisite late fee, and thereafter made no further payments on the Note as delineated in the Separation Agreement, RAH filed a complaint in December 2022, asserting breach of contract against defendant and seeking to collect on the amounts due under the Note. RAH requested the court to consider the complaint as a summary disposition on the papers or to set an expedited trial.

Defendant filed an answer, counterclaims and third-party complaint in March 2023. The court denied RAH's motion for summary disposition in October 2023. Thereafter, RAH served discovery demands on defendant. At the time, the DED was late December 2023.

On December 8, 2023, RAH and Hauser moved for summary judgment. Defendant had not yet propounded any discovery requests on RAH or Hauser. When the summary judgment motion was heard by the court on April 25, 2024, defendant had still not served any discovery requests, despite the DED having been extended to April 29, 2024.

The court granted summary judgment to RAH on the Note because RAH established the undisputed facts that defendant made two late payments and none thereafter. RAH submitted the Note and Separation Agreement to support its application. The court found there was no ambiguity in either document.

10

Our review of the trial court's grant or denial of a motion for summary judgment is de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Our review of rulings of law and issues regarding the applicability, validity (including constitutionality) or interpretation of laws, statutes or rules is de novo. State v. G.E.P., 243 N.J. 362, 382 (2020).

Defendant reiterates his argument on appeal as raised before the trial court that discovery was not complete, which precluded the court from granting summary judgment. We disagree.

Defendant did not propound discovery requests until May 2024, after he moved for reconsideration of the order granting RAH summary judgment. Service of discovery demands also occurred after the DED had expired. As the motion court found, defendant presented no evidence to attack the validity of the Note or Separation Agreement and did not dispute he made two late payments and then stopped paying altogether. Defendant also did not present

11

any evidence to support his counterclaims of breach of fiduciary duty or tortious interference. The trial court noted defendant had not submitted an affidavit to establish lost business or clients resulting from RAH's or Hauser's actions.

Our de novo review reflects defendant has still not identified with any specificity any missing discovery that would have altered the court's analysis of the summary judgment motion. As we have stated, "a respondent to a summary judgment motion, who resists the motion on the grounds of incomplete discovery is obliged to specify the discovery that is still required." Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 538 (App. Div. 2009).

We are satisfied the court properly considered the submissions under the applicable principles of law in granting RAH partial summary judgment on its complaint and dismissing defendant's counterclaims.

B.

We turn to the March 28, 2025 orders.

Defendant first contends the court erred in not vacating the arbitration award under N.J.S.A. 2A:23B-23(a) because the court did not consider his discovery motions in a timely manner which placed him "at a clear disadvantage." We are unpersuaded.

N.J.S.A. 2A:23B-23(a)(1) to - (6) provides six categories under which a party may request a court to vacate, modify or correct an arbitration award. Defendant does not specify which of the provisions is applicable here, rather he asserts the "circumstances below were so egregious and outrageous that the harm should not equitably be fashioned" upon him. This argument does not fall within any of the statutory provisions. Defendant does not allege any wrongdoing on the arbitrator's part, nor did defendant request a postponement of the proceeding. As discussed above, defendant did not file any application to compel discovery nor seek to extend the DED until after the discovery period ended. And when a motion was filed, it was in the form of a cross-motion subsequent to plaintiff moving for counsel fees. Moreover, in opposing defendant's motion to vacate the arbitration award and in its appellate responding brief, RAH asserts it produced over 4000 documents to defendant in response to discovery demands.

"Judicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)). "To foster finality and 'secure arbitration's speedy and inexpensive nature,' reviewing courts must give arbitration awards 'considerable deference.'" Borough of Carteret v. Firefighters Mut. Benevolent Ass'n, Loc. 67, 247 N.J. 202, 211

(2021) (quoting <u>Borough of E. Rutherford v. E. Rutherford PBA Loc. 275</u>, 213 N.J. 190, 201 (2013)). "An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." <u>Ciripompa</u>, 228 N.J. at 11 (quoting <u>Kearny PBA Loc. No. 21 v. Town of Kearny</u>, 81 N.J. 208, 221 (1979)).

Defendant has not provided evidence to support any of the N.J.S.A. 2A:23B-23(a) provisions to vacate the arbitration award. Defendant's argument that the trial court failed to timely resolve his discovery motions is unavailing as defendant did not request an adjournment of the arbitration pending the adjudication of the motions or to pursue the necessary discovery to support his counterclaims. The trial court did not abuse its discretion in denying defendant's motion to vacate the arbitration award.

Defendant also challenges the court's order denying his motion to enlarge the time to file a trial de novo. Defendant contends he has demonstrated "extraordinary circumstances" as articulated in <u>Mazakas v. Wray</u>, 205 N.J. Super. 367, 371 (App. Div. 1985), which the trial court should have accepted to permit the late filing of the de novo demand. The proffered extraordinary circumstances are: (1) RAH's counsel made "multiple misrepresentations" regarding the production of discovery that "lulled" defendant into inaction of

not moving to extend the DED; and (2) defense counsel drafted the trial de novo demand and instructed his paralegal to file it in a timely manner, but the paralegal did not do so.

Rule 4:21A-6 provides, in relevant part,

> (b) Dismissal. An order shall be entered dismissing the action following the filing of the arbitrator's award in the court's electronic system unless:
>
> (1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule . . . .

In Mazakas, this court stated:

> We determine that the courts do possess the power to enlarge the time [to file a demand for trial de novo], but that such power should be exercised only in extraordinary circumstances. For example, if plaintiffs contended that defendants through negotiations lulled them into missing the filing date, a court might determine that defendants should be equitably estopped from raising the 30-day bar and that the petition should be deemed filed nunc pro tunc. There may also be a finding of substantial compliance with the filing limitation. These are merely two examples.
>
> [205 N.J. Super. at 371 (citations omitted).]

Our Supreme Court later instructed that "[t]he Legislature intended [Rule 4:21A-6] . . . to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616

15

(1997) (alteration and omission in original) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). The Court reinforced that "[n]umerous cases have held that an attorney's heavy workload or improper supervision of staff does not constitute 'extraordinary circumstances.'" Id. at 618.

The Hartsfield Court also disagreed with the "examples" enumerated in Mazakas, holding that "[g]enerally, substantial compliance with the filing limitation and allegations that defendants used negotiations to lull the plaintiffs into missing the filing date will not constitute 'extraordinary circumstances' sufficient to relax the thirty-day rule." Ibid. Notwithstanding, defendant cannot show RAH or Hauser lulled him into filing an untimely trial de novo demand.

Defendant has not demonstrated extraordinary circumstances. The Hartsfield Court squarely addressed the situation presented here, cautioning that the failure of an attorney to properly supervise their staff does not rise to extraordinary circumstances permitting a late filing. Id. at 618-19. See also Flagg v. Twp. of Hazlet, 321 N.J. Super. 256, 260 (App. Div. 1999) (stating "claim[s] of human error or carelessness" are "part of the fabric of every day existence" and do not rise to "extraordinary circumstances"). The court did not err in denying the motion for an extension of time to file a trial de novo demand.

Defendant presents one additional argument for this court to consider regarding the untimely de novo demand. On June 24, 2025, the Court amended Rule 4:21A-6 to include a ten-day grace period for good cause shown to file a late demand for trial de novo. The Rule is silent as to its prospective or retroactive application. Defendant contends the amended rule should apply retroactively to this case.

In G.E.P., the Court reviewed the framework to determine whether a new rule or change in law is retroactive, noting there are four options:

> (1) prospective application, (2) application "in future cases and in the case in which the rule is announced," (3) "'pipeline retroactivity,' rendering it applicable in all future cases, the case in which the rule is announced, and any cases still on direct appeal," or (4) "complete retroactive effect."
>
> [243 N.J. at 386 (quoting State v. Knight, 145 N.J. 233, 249 (1996)).]

The Court has previously stated that "retroactivity is appropriate, in general, when it is expressed, when an amendment is curative, or when the expectations of the parties so warrant." Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 46 (2008) (citations omitted). "Only if one of these grounds [are] present, will we give a statute retroactive effect." Ibid.

Here, there is no expression of retroactive intent nor an indication that the amendment was intended to be curative. In Kendall v. Snedeker, 219 N.J. Super. 283, 287 (App. Div. 1987), we considered curative intent and stated

> [u]nder this [curative] exception, an amendment to a statute can be given retroactive effect if it is designed merely to carry out or explain the intent of the original statute. Such application is consistent with the general rule that statutes are ordinarily prospective unless the Legislature indicates otherwise. . . . In essence, an amendment which falls within the curative exception can be retroactively applied consistent with the general rule of prospectivity because its purpose is to remedy a perceived imperfection in or misapplication of a statute and not to alter the intended scope of purposes of the original act.

Applying this reasoning, this amendment does not have any curative effect because the amendment substantively changes the rule to add a new ten-day grace period.

Finally, we are mindful of the Court's recent declaration in Maia v. IEW Construction Group, 257 N.J. 330, 349 (2024), in which it reaffirmed that we "have long followed a general rule of statutory construction that favors prospective application of statutes." (Emphasis in original) (quoting Gibbons v. Gibbons, 86 N.J. 515, 521 (1981)). Defendant has proffered no reason for us to hold otherwise.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division